14-3514-cv
*Williams v. Long Island Railroad Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of August, two thousand fifteen.

PRESENT:

JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,

*Circuit Judges.*

_____

JOHN WILLIAMS,

*Plaintiff-Appellant,*

-v.-                                                      No. 14-3514-cv

LONG ISLAND RAILROAD COMPANY,

*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          Philip J. Dinhofer, Rockville Centre, NY.

FOR DEFENDANT-APPELLEE:          Richard L. Gans, Vice President/General Counsel & Secretary, Law Department, The Long Island Railroad Company, Jamaica, NY.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-appellant John Williams is a former employee of defendant-appellee Long Island Railroad Company ("LIRR"). Williams began working for LIRR in 1985 and spent time employed as a third rail worker and an electrician until May 2005, when he suffered a work-related back injury. Williams was placed on sick leave and, on March 23, 2006, his treating physician, Dr. Meeru Sathi-Welsch, informed LIRR that he was unable to resume work as an LIRR electrician and likely would never be able to do so. Williams eventually returned to LIRR on a light-duty assignment answering the phone, but on August 14, 2007 his new treating physician, Dr. Chris Lutz, sent LIRR a letter stating that Williams was still unable to return to work as an electrician and that he did not anticipate that Williams would ever be able to return to that position. After receiving Lutz's opinion, LIRR removed Williams from his light-duty job.

Eight days later, on August 22, 2007, Dr. Lutz sent a new letter to LIRR, this one stating that Williams was fit to return to full-time duties as an electrician. Due to these conflicting medical opinions, Williams's union and LIRR agreed to convene a panel of doctors to assess Williams's ability to work. In the meantime, Williams returned to his desk job. On September 21, 2007, the panel's physician, Dr. Joseph Stubel, issued his report. He concluded that, although Williams's "physical exam [did] not indicate any specific restriction [on his] ability to do work[,] including heavy work such as an electrician," he would not be able to perform the requirements of his job at LIRR "without running [a] high risk of re-injury." J.A. 163. In light of this report, LIRR

2

disqualified Williams from his "position as an [e]lectrician" and removed him from his "restricted duty assignment." J.A. 183. LIRR also informed Williams about the steps he should take if he "wish[ed] to be considered for other opportunities [at the company]." *Id.* Ultimately, Williams did not find a new position at LIRR and, on October 1, 2008, he retired. After retiring, he applied for, and received, disability benefits from the United States Railroad Retirement Board.

On March 27, 2012, Williams filed suit in the United States District Court for the Eastern District of New York (Vitaliano, *J.*), claiming that he lost his job as an electrician and did not obtain new work at LIRR because the company discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), the New York State Human Rights Law, and the New York City Human Rights Law. In an order issued on August 5, 2014, the district court granted LIRR's motion for summary judgment, dismissing Williams's ADA claim with prejudice and declining to exercise supplemental jurisdiction over the state and city claims. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review the district court's grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is warranted only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Mathirampuzha v. Potter*, 548 F.3d 70, 74 (2d Cir. 2008).

3

The ADA prohibits "discrimination against a qualified individual on the basis of disability in regard to, *inter alia*, discharge of employees." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) (internal quotation marks and brackets omitted). To establish "a *prima facie* case of discrimination under the ADA, a plaintiff must show (a) that his employer is subject to the ADA; (b) that he is disabled within the meaning of the ADA or perceived to be so by his employer; (c) that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that he suffered an adverse employment action because of his disability." *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008). If the employee establishes a prima facie case of discrimination, the employer must provide "a legitimate non-discriminatory reason for the discharge" before the burden of proof shifts back to the employee to show that "the proffered reason is a pretext" for discrimination. *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006).

Because Williams's claim arose before January 1, 2009, we apply the ADA as it existed prior to its amendment by the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553. *See McElwee v. Cnty. of Orange*, 700 F.3d 635, 642 n.5 (2d Cir. 2012). Under this version of the Act, a plaintiff is disabled only if he (1) has a "physical or mental impairment that substantially limits one or more [of his] major life activities," (2) has a "record of such an impairment," or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102 (2006). The Supreme Court interpreted this language — particularly the phrase "substantially limits" — narrowly, reading it to require that the plaintiff show "an impairment that *prevents or severely restricts* the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mf'g, Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002) (emphasis added). Under our caselaw, a plaintiff could

4

also prove disability within the meaning of the ADA by proving that his employer "regarded him" as having such an impairment. *Colwell v. Suffolk Cnty. Police Dep't*, 158 F.3d 635, 646 (2d Cir. 1998).

We conclude that Williams has failed to raise a genuine dispute of material fact about whether, at the time the LIRR disqualified him from his job as an electrician, he was disabled as the term is defined under the pre-amended version of the ADA.[1] To begin, Williams has put forth no evidence that his physical impairments severely restricted his ability to perform any major life activities. In his complaint, he alleged that his back injury and ankylosing spondylitis — an inflammatory disorder that affects the back — substantially limited his ability to stand, walk, lift, socialize, rest, and eat. His deposition testimony, however, flatly contradicts this assertion. When asked by the LIRR's counsel, Williams stated that, in 2007, he either was not limited, or could not recall being limited, in the performance of any of the activities listed in his complaint. J.A. 221. Nor has he introduced any evidence describing how his physical impairments restricted his ability to engage in those activities.

Williams counters that, even if he did not actually suffer from a physical impairment that severely restricted his ability to engage in a major life activity, LIRR nonetheless regarded him as suffering from such an ailment. After all, LIRR disqualified him from working as an electrician, so it must have regarded him as substantially limited in his ability to work. To succeed on this claim, however, it is not enough that LIRR perceived Williams as substantially limited in his ability to perform a particular job; instead, it must have believed he was "significantly restricted in the ability

---

[1] Because we conclude that Williams has failed to show that he was disabled under the ADA, we need not, and do not, address whether he was "qualified to perform the essential functions," *Brady*, 531 F.3d at 134, of his job as an electrician or of another available position.

5

to perform either a class of jobs or a broad range of jobs . . . as compared to the average person having comparable training, skills and abilities." *Bartlett v. N.Y. State Bd. of Law Examiners*, 226 F.3d 69, 82 (2d Cir. 2000) (internal quotation marks omitted). The evidence Williams presented falls short of meeting this standard. LIRR disqualified Williams from working as an electrician after Dr. Stubel concluded that, based on "the job specifications of a full duty Long Island Railroad electrician," Williams could not do the job "without running the high risk of re-injury." J.A. 163. "The record," however, "contains no evidence from which we can infer that the [LIRR] thought, or had grounds for thinking, that other jobs" involve the same duties or present the same risk of re-injury. *Giordano v. City of N.Y.*, 274 F.3d 740, 749 (2d Cir. 2001). Moreover, the "assumption that [Williams's] disqualification from the specific duties" of an LIRR electrician "will preclude him from working in related fields — or that [LIRR] perceived him as such — is . . . speculation and conjecture, which will not suffice to defeat a motion for summary judgment." *Id.* (internal quotation marks and alterations omitted); *see also EEOC v. J.B. Hunt Transp., Inc.*, 321 F.3d 69, 76-77 (2d Cir. 2003). Finally, Williams's general restriction on "lifting [heavy objects] up to 70 [pounds] without running the high risk of re-injury," J.A. 163, is insufficient to allow a jury to infer that LIRR regarded him as substantially limited in a major life activity. *See Colwell*, 158 F.3d at 644; *see also Wegner v. Upstate Farms Coop., Inc.*, 560 F. App'x 22, 26 (2d Cir. 2014) (concluding that a plaintiff's inability to lift more than 75 pounds was "insufficient to allow a jury to infer perceived disability under a class or broad range of jobs"); *Troeger v. Ellenville Cent. Sch. Dist.*, 523 F. App'x 848, 852 (2d Cir. 2013) ("[A]lthough lifting light objects may be a major life activity, an individual is not 'disabled' merely because he cannot lift heavier objects weighing, for instance, around twenty pounds." (citations omitted)). Accordingly, Williams has failed to raise a genuine dispute of

material fact about whether he was disabled as the ADA defined the term before January 1, 2009.

Summary judgment for the LIRR was therefore appropriate.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk